UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. OVERTON,<br><br>                              Plaintiff,<br><br>       v.<br><br>R.J. DONOVAN CORRECTIONAL FACILITY, WARDEN,<br><br>                              Defendants. | Case No.:  3:26-cv-02010-AJB-MMP<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILURE TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a)** |

Plaintiff Michael L. Overton ("Overton" or "Plaintiff"), a prisoner currently confined at R.J. Donovan Correctional Facility, has filed a *pro se* Complaint.[1] (Doc. No. 1.) Plaintiff, however, has not filed a Motion to Proceed *In Forma* Pauperis ("IFP") in this matter nor has he paid the initial civil filing fee requirement by 28 U.S.C. § 1914(a). For the reasons discussed below, the civil action is **DISMISSED**.

### I.    FAILURE TO PAY FILING FEE OR REQUEST IFP STATUS

Any person filing a civil case such as this one must pay a filing fee of $405. *See* 28

---

[1] The case was originally filed in the United State District Court for the Eastern District of California and subsequently transferred to this Court where venue is proper. (*See* Doc. No. 3.)

U.S.C. § 1914(a). The case may go forward without the plaintiff prepaying the entire filing fee, though, if the court grants him permission to proceed IFP. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052 (9th Cir. 2007) ("*Cervantes*"); *cf. Hymas v. U.S. Dep't of the Interior*, 73 F.4th 763, 765 (9th Cir. 2023) ("[W]here [an] IFP application is denied altogether, Plaintiff's case [cannot] proceed unless and until the fee[s] [a]re paid.").

To pursue a case without paying the filing fee, a plaintiff must file an affidavit which includes a statement of all assets, or things of value, the plaintiff possesses and must demonstrate the plaintiff's inability to pay the filing fee. *See* 28 U.S.C. § 1915(a)(2); *see also Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). Plaintiffs who are incarcerated at the time they file their civil case must also submit a copy of their "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Under the current version of the IFP statute, "if a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee" in increments. *Hymas*, 73 F.4th at 767 (quoting 28 U.S.C. § 1915(b)(1)).

Here, Plaintiff has not paid the $405 filing and administrative fee required to begin this civil action. Nor has he submitted a Motion to Proceed IFP. *See Escobedo*, 787 F.3d at 1234. Therefore, his case cannot go forward. *See* 28 U.S.C. § 1914(a).

## II.    LEAVE TO PROCEED IFP

Even if Overton had filed a Motion to Proceed IFP, the Cout finds he is not entitled to proceed IFP in this action for the reasons set forth below.

### A.    Legal Standard

"All persons, not just prisoners, may seek IFP status." *Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 892 (9th Cir. 2011). Prisoners like Overton, however, "face an additional hurdle." *Id.* In addition to requiring prisoners to "pay the full amount of a filing fee," in "monthly installments" or "increments" as provided by 28 U.S.C. § 1915(a)(3)(b), the Prison Litigation Reform Act ("PLRA") amended section 1915 to

3:26-cv-02010-AJB-MMP

preclude the privilege to proceed IFP in cases where the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). "This subdivision is commonly known as the 'three strikes' provision." *Andrews*, 398 F.3d at 1116 n.1.

"Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *id.* (internal quotations omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). When courts "review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'" *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016) (quoting *Blakely v. Wards*, 738 F.3d 607, 615 (4th Cir. 2013)).

Once a prisoner has accumulated three strikes, section 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he "makes a plausible allegation that [he] faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1051–52 (quoting 28 U.S.C. § 1915(g)). "[T]he PLRA [also] requires a nexus between [any] alleged imminent danger and the violations of law alleged in the prisoner's complaint." *Ray v. Lara*, 31 F.4th 692, 700 (9th Cir. 2022). Thus, to qualify for an exception, "a three-strikes prisoner must allege imminent danger of serious physical injury that is both fairly traceable to unlawful conduct alleged in his complaint and redressable by the court." *Id.* at 701.

**B.    Discussion**

While Overton has not moved to proceed IFP in this case, the Court finds it would be futile for him to do so. Based on review of the dockets of many court proceedings, the

Court finds Overton has had at least a dozen prisoner civil actions or appeals dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

Courts "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)). As such, this Court takes judicial notice of federal docket proceedings available on PACER and finds that Plaintiff, currently identified as California Department of Corrections and Rehabilitation Inmate #C-47370, has filed well over a dozen civil actions and appeals in federal courts.

Some specific examples of "strikes" filed and dismissed while Overton was in custody are:

(1)    *Overton v. Stockton Valley S&L*, Case No. 2:04-cv-1874-MCE-DAD (E.D. Cal. Nov. 16, 2004) (Order and Findings & Recommendations [F&Rs] to dismiss civil action as legally frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (Doc. No. 8), *id.* (E.D. Cal. Dec. 15, 2004) (Order Adopting F&Rs) (Doc. No. 12);

(2)    *Overton v. Assets of Decedent Debra Parchue by Way of Survivorship, et al.*, Case No. 3:05-cv-1704-L-JMA (S.D. Cal. Dec. 20, 2005) (Order Granting IFP and Dismissing Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A) (Doc. No. 6);

(3)    *Overton v. Doe*, Case No. 5:08-cv-04272 JF (PR), 2009 WL 668755, at *2 (N.D. Cal. Mar. 13, 2009) (Order Dismissing civil action pursuant to 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted) (Doc. No. 10);

(4)    *Overton v. Warden, CMF Vacaville*, Case No. 2:11-cv-1646 LKK JFM, 2012 WL 1607833, at *2 (E.D. Cal. May 8, 2012) (Order and F&Rs to Dismiss civil action for failure to state a claim pursuant to 28 U.S.C. § 1915(e)) (Doc. No. 15); *id.*, (E.D. Cal. June 21, 2012) (Order Adopting F&Rs) (Doc. No. 16);

3:26-cv-02010-AJB-MMP

(5)    *Overton v. Warden, CMC, et al.*, Case No. 2:13-cv-1588-UA-VBK (C.D. Cal. March 21, 2013) (Order Denying IFP and Dismissing Complaint without leave to amend as frivolous, malicious or for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (Doc. No. 6 at 1–4);

(6)    *Overton v. Doe, et al.*, Case No. 2:14-cv-1110-UA-VBK (C.D. Cal. Feb. 27, 2014) (Order Denying IFP and Dismissing Complaint without leave to amend as frivolous and for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)) (Doc. No. 6 at 1–3);

(7)    *Overton v. Atascadero State Hosp.*, Case No. 2:16-cv-8958-R-JPR (C.D. Cal. Dec. 7, 2016) (Order Denying IFP and Dismissing civil action without leave to amend as frivolous and for failing to state a claim) (Doc. No. 8);

(8)    *Overton v. Warden, et al.*, Appeal No. 16-56122 (9th Cir. Nov. 13, 2017) (Order Denying Motion to proceed IFP and Dismissing appeal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)) (Dkt. Entry 9);

(9)    *Overton v. Oakland Raiders Association*, Case No. 3:17-cv-6917-CRB (N.D. Cal. Jan. 22, 2018) (Order of Dismissal of case pursuant to 28 U.S.C. § 1915(e)(2) for failure to state a claim) (Doc. No. 9);

(10)    *Overton v. CMF*, Case No. 2:18-cv-0217 KJN P, 2018 WL 1015232, at *2 (E.D. Cal. Feb. 22, 2018) (Order & F&Rs to Dismiss civil action as legally frivolous pursuant to 28 U.S.C. § 1915A) (Doc. No. 13); *id.*, (E.D. Cal. Aug. 23, 2018) (Order Adopting F&Rs) (Doc. No. 18);

(11)    *Overton v. CA Health Care Facility*, Case No. 2:18-cv-2551-DMC, 2019 WL 2026497, at *4 (E.D. Cal. May 8, 2019) (Order Dismissing First Amended Complaint with leave to amend for failing to state a claim pursuant to 28 U.S.C. § 1915A) (Doc. No. 12); *id.*, (E.D. Cal. June 25, 2019) (F&Rs to Dismiss for failure to amend and/or prosecute) (Doc. No. 15); *id.*, (E.D. Cal. Aug. 8, 2019) (Order Adopting F&Rs and dismissing civil action) (Doc. No. 16); and

(12) *Overton v. Ash-Exec-Dir.*, Case No. 2:18-cv-2915 KJM DMC (E.D. Cal. May 21, 2019) (F&Rs to Dismiss First Amended Complaint with prejudice as legally and factually frivolous) (Doc. No. 10); *id.*, (E.D. Cal. Aug. 20, 2019) (Order Adopting F&Rs and Dismissing action with prejudice) (Doc. No. 12).

Thus, this Court finds that Plaintiff has, while incarcerated, had far more than three prior civil actions dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

As noted above, once a prisoner has accumulated three or more strikes, § 1915(g) prohibits his pursuit of any subsequent IFP civil action or appeal in federal court unless he faces "imminent danger of serious physical injury." *See Cervantes*, 493 F.3d at 1055. Here, the allegations in Plaintiff's Complaint are difficult to discern. The Complaint is comprised of pages of an administrative grievance upon which Overton has made short notations, including vague references to "endemnity [sic]" and "prior Pell grants apportioned." (*See* Doc. No. 1 at 1.) But Overton alleges no facts in his Complaint suggesting he faced imminent danger of serious physical injury at the time of filing. Therefore, he may not proceed IFP in this case. *See* 28 U.S.C. § 1915(g).

### III.   CONCLUSION AND ORDER

For the reasons discussed above, the Court **DISMISSES** this civil action without prejudice based on Plaintiff's failure to pay the full statutory and administrative $405 civil filing fee required by 28 U.S.C. § 1914(a) and **CERTIFIES** that an IFP appeal from this Order would be frivolous and not taken in good faith pursuant to 28 U.S.C. § 1915(a)(3); and **DIRECTS** the Clerk of the Court to close the case.

**IT IS SO ORDERED**.

Dated:  April 13, 2026

Hon. Anthony J. Battaglia
United States District Judge